**SO ORDERED.**

**SIGNED this 18 day of November, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ANDERSON HOMES, INC., et al,** | **09-02062-8- JRL**<br>**Consolidated for Administration** |
| Debtors. | |
| **ANDERSON HOMES, INC., BRIDGEWATER LAND RESOURCE, LLC, LAND RESOURCE GROUP OF RALEIGH, INC., and VANGUARD HOMES, INC.,** | |
| Plaintiffs, | |
| v. | **ADVERSARY PROCEEDING**<br>**Case No. 09-00083-8-JRL** |
| **STOCK BUILDING SUPPLY, LLC, successor in interest by conversion to STOCK BUILDING SUPPLY, INC.,** | |
| Defendant. | |

**ORDER DENYING MOTION TO DISMISS**

The matter before the court is the motion to dismiss filed by the defendant, Stock Building Supply, LLC ("Stock Building"). Stock Building contends that the statutory avoidance and preference claims the plaintiffs assert in this adversary proceeding should be dismissed because,

pursuant to the terms of Stock Building's Amended Plan and the confirmation order entered on June 30, 2009 in Stock Building's bankruptcy proceedings in the District of Delaware, the plaintiffs' causes of action were discharged. A hearing took place in Raleigh, North Carolina on October 29, 2009.

Prior to filing a voluntary petition under chapter 11 of the Bankruptcy Code, Anderson Homes, Inc. ("Anderson") had an open account with Stock Building for the purchase of building supplies, and owed Stock Building approximately $1,562,942.89. On January 19, 2009, Stock Building entered into an agreement with Anderson whereby Anderson, along with Bridgewater Land Resource, LLC, Land Resource Group of Raleigh, Inc. and Vanguard Homes of Raleigh, Inc. (collectively, "the plaintiffs"), executed a Promissory Note and Security Agreement payable to Stock Building in the amount of $1,562,942.89. The plaintiffs also executed twelve deeds of trust, which granted to Stock Building liens on property plaintiffs own in Wake and seven other counties in North Carolina. All of the plaintiffs are engaged in the business of development, construction and sale of residential properties.

Each of the plaintiffs filed a voluntary petition under chapter 11 of the Bankruptcy Code on March 16, 2009. The cases were administratively consolidated on March 25, 2009, and the plaintiffs operate as debtors-in-possession. On April 13, 2009, the plaintiffs instituted this adversary proceeding against Stock Building. The plaintiffs seek to avoid the obligations and transfers made prior to the petition date and to recover pre-petition payments, under 11 U.S.C. §§ 547, 548, and 550, as follows:

    1.    Any obligations incurred by the plaintiffs arising out of the Promissory Note, the Security Agreement, and the Deeds of Trust ("Obligations");

> 2. Any security interest or liens transferred to Stock Building pursuant to the Deeds of Trust ("Transfers"); and
>
> 3. Payments totaling $210,000 transferred to Stock Building within ninety days prior to the petition date ("Payments").

Pls.' Resp. to Mot. to Dismiss at 2-3. Avoidance of the Obligations and Transfers would enable the plaintiffs' estates to recover the value of the property interests transferred pursuant to § 550, and the avoided liens would be preserved for the benefit of the plaintiffs' estates pursuant to § 551. The plaintiffs also seek to recover the Payments for the estates.

On May 6, 2009, Stock Building, together with its numerous affiliates, filed a petition under chapter 11 in the District of Delaware. Stock Building contemporaneously filed a Joint Prepackaged Chapter 11 Plan of Reorganization, a Disclosure Statement, and a Scheduling Motion. This adversary proceeding was stayed pursuant to § 362. The Delaware bankruptcy court entered a scheduling order providing that objections to the Stock Building Plan and Disclosure Statement would be due on June 4, 2009, and that a confirmation hearing would be held on June 15, 2009. On June 5, Stock Building filed a First Amended Joint Prepackaged Plan and Amended Disclosure Statement. The bankruptcy court entered an order confirming the Amended Plan on June 15, 2009, and provided in the confirmation order that the automatic stay would remain in effect throughout the effective date of the Amended Plan, which was June 30, 2009. The Amended Plan provides that there are no impaired classes of claims or interests, and no claim holders voted on the plan.

On June 17, 2009, the plaintiffs filed a motion for relief from stay in the Stock Building chapter 11 case in order to pursue the avoidance claims pending in this adversary proceeding. That motion was rendered moot by the lifting of the stay in the Stock Building case on June 30, 2009.

In the meantime, many of the properties subject to the deeds of trust have been sold, resulting in transfer of the liens to the sale proceeds. Rather than transfer the proceeds to Stock Building and then pursue their return, the plaintiffs still hold the proceeds.

On September 11, 2009, Stock Building filed a motion to dismiss in this adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure. Stock Building argues that the avoidance claims should be dismissed because, "by operation of the STOCK Confirmation Order," the complaint fails to state a claim upon which relief may be granted. Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 4.

Stock Building argues that the plaintiffs' causes of action were discharged on the effective date of the Stock Building Amended Plan. The Amended Plan provides that there are no impaired classes of claims or interests, but Stock Building reasons that the actions to avoid liens asserted in this adversary proceeding are only causes of action and not "claims." The plaintiffs respond that the causes of action are claims and, alternatively, that if they are not, then the terms of the Amended Plan and confirmation order are inapplicable to them. In either event, they argue, the confirmation order improperly impairs and alters pre-petition property rights of the plaintiffs that existed at the time the Stock Building petition was filed. The court agrees with the plaintiffs on all points and ruled accordingly from the bench at the conclusion of the hearing.

The court observes at the outset that if Stock Building led the plaintiffs to believe that their causes of action or claims would pass through the Stock Building bankruptcy proceedings unimpaired under the Amended Plan, such that there was nothing to which the plaintiffs needed to object, then that effort would bring into question the defendant's good faith in proposing the

4

Amended Plan. The plaintiffs report that at no time did Stock Building inform them, or the Delaware bankruptcy court, that Stock Building intended, through confirmation of its plan, to discharge the avoidance claims and enjoin this adversary proceeding. Whether the plaintiffs had cause to understand that Stock Building sought to discharge their claims turns entirely on how one interprets the word "claim" in Stock Building's Amended Plan. Given that counsel for Stock Building acknowledged his surprise at what he described as a complete lack of precedent pertaining to this question, notwithstanding that the facts are commonplace, it appears to the court that Stock Building's interpretation is an exceedingly novel one. The goal of full and fair administration of all debtors' estates, in this court and in the Delaware court, would have been better served through more candid disclosure by Stock Building.

The crux of the defendant's argument is that the causes of action are not "claims" within the meaning of § 101(5) of the Bankruptcy Code or the terms of the Amended Plan. According to Stock Building, the causes of action do not constitute "claims" because they constitute neither a "right to payment" nor a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 105(5). The causes of action also are not "interests," it reasons, because the Amended Plan defines interest to mean "the legal, equitable, contractual, and other rights of any Person with respect to any capital stock or other ownership interest in any Debtor, whether or not transferable, and any option, warrant, or right to purchase, sell, or subscribe for an ownership interest or other equity security in any Debtor," none of which applies to the plaintiffs. Def's Mem. at 7-8. Stock Building asserts that the plaintiffs have only statutory causes of action for equitable relief, and causes of action were discharged in the Amended Plan. Because the

plaintiffs filed a notice of appearance in the Delaware case, Stock Building argues, they cannot now complain about the discharge.

In response, the plaintiffs argue that the causes of action asserted in the complaint are "claims" within the meaning of § 101(5). The express terms of Stock Building's Amended Plan provide that there are no impaired classes of claims or interests, and that disputed issues are to be resolved in the venue in which the claim would have been resolved had the Stock Building bankruptcy not been commenced. Amended Plan § 3.7. This language, the plaintiffs argue, clearly contemplates that the claims asserted in the adversary proceeding pass through Stock Building's bankruptcy case unimpaired and on to resolution in this court. Plaintiffs report that many of the properties subject to the liens have been sold, so Stock Building's argument that plaintiffs seek only equitable relief is unfounded: What is really at stake, semantics aside, are the proceeds to which the liens either already have transferred or will transfer upon sale of the property.

The court agrees with the plaintiffs that through the complaint, plaintiffs assert "claims" within the meaning of § 101(5). The Bankruptcy Code gives "the 'broadest possible definition' to the term 'claim' in order to ensure that 'all legal obligations of the debtor, no matter how remote or contingent, [would] be dealt with in the bankruptcy case.'" In re Cybermech, Inc., 13 F.3d 818, 821 (4th Cir. 1994) (citations omitted). The Cybermech court likened a creditor's right to pursue damages against the debtor for breach of contract (creditor had either a right to restitutionary payment, or a right to equitable remedy for breach of performance) as "more than sufficient to satisfy the definition of a 'claim.'" Cybermech, 13 F.3d at 821; see also In re E-Z Serve Convenience Stores, Inc., 377 B.R. 491, 497 (Bankr. M.D.N.C. 2007) (construing Cybermech, noting that the Fourth Circuit "has applied this broad definition of the word "claim" in numerous

other settings as well," and giving examples).  In this proceeding, the court would have to stretch to conclude that the causes of action do *not* constitute claims. The causes of action also come within the parameters, left undefined by the Bankruptcy Code, of an "interest."

Even if the court were to conclude that the causes of action are not claims, the fact remains that the causes of action are property of the plaintiffs' estates in the consolidated bankruptcy cases pending in this court.  The Delaware confirmation order violates the automatic stay in that it purports to undo pre-petition property rights of the consolidated Anderson Homes debtors without first obtaining relief in this court.  The order thus exercises control over property of the plaintiffs' estates, in violation of the automatic stay, and actions taken in violation of the automatic stay are void.

In keeping with these conclusions, there also is no basis on which to dismiss the plaintiffs' claims to recover the $210,000 in payments made to the defendant during the ninety days preceding the date on which Stock Building and its affiliates filed their petition.

For the foregoing reasons, the defendant's Motion to Dismiss is **DENIED**.

**END OF DOCUMENT**